IN THE UNITED STATES DISTRICT COURT FOR THE FILED
EASTERN DISTRICT OF OKLAHOMA

FEB 1 1 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

ROBERT COTNER, )
)
Petitioner, )
)
v. ) Case No. CIV 07-076-RAW-KEW
)
WARDEN BECK, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging the execution of his sentence, pursuant to 28 U.S.C. § 2241. He alleges the respondent has refused to calculate his escape history points correctly, and the Department of Corrections' grievance process is inadequate to protect his due process rights. He further asserts the state remedies for his claims are unavailable to him, because he is too poor to hire counsel or to pay the required filing fee. Petitioner maintains he has been rehabilitated, and he should be released from custody or have his sentence reduced.

The respondent has filed a motion to dismiss [Docket #6] for petitioner's failure to comply with the filing restrictions imposed on petitioner in *Cotner v. Campbell*, 618 F.Supp. 1091, 1098-99 (E.D. Okla. 1985), *aff'd in part and vacated in part sub nom., Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir. 1986). *Cotner v. Campbell* was a consolidation of nine civil rights cases petitioner and other inmates filed against numerous Oklahoma

Department of Corrections prison officials. In *Cotner v. Campbell*, this court found that petitioner was in violation of the sanctions imposed against him in *Cotner v. Okla. Nat'l Guard*, No. 83-174-C (E.D. Okla. 1983), which were are follows:

> ... [I]n the future, leave to file[] *in forma pauperis* will be denied plaintiff except upon a showing of good cause why he should be permitted to sue in a particular case at public expense. ... Additionally, in every cause of action hereafter filed in this court, plaintiff is ordered to satisfy the following requirements:
>
> 1. All pleadings hereafter submitted by plaintiff for filing shall be verified, as provided for in Fed. R. Civ. P. 11.
>
> 2. Plaintiff shall include in every complaint or petition hereafter submitted a list, by style, docket number, court, date filed, description and disposition, of (a) all cases previously filed on the same, similar or related cause of action and (b) all actions previously filed against one or more of the defendants, including predecessors or successors in interest or office.
>
> 3. Plaintiff shall personally send a copy of the complaint and every subsequent pleading to the defendants or defense counsel, and plaintiff shall submit documentary evidence of such service to the court in a supplemental pleading.

*Cotner v. Campbell*, 618 F.Supp at 1097-98 (quoting *Cotner v. Okla. Nat'l Guard*, slip op. at 3-4) (citations omitted). The court declared these requirements would remain in full force and effect, *id.* at 1098, and then imposed a $1,000.00 fine along with additional sanctions:

> [1]. Plaintiff Cotner is barred from filing further actions in this court until the $1,000.00 fine imposed above has been paid in full.
>
> [2]. Henceforth, plaintiff Cotner shall carry a stronger burden of proving that he is economically unable to pay the initial filing and service fee, or some portion thereof.
>
> [3]. Henceforth, prior to allowing plaintiff Cotner to proceed *in forma pauperis,* he must sufficiently demonstrate to the court that his action is in good faith and not "without arguable merit" or malicious.

2

[4]. All pleadings hereafter submitted by plaintiff Cotner for filing shall be verified, as provided for in Rule 11, Fed.R.Civ.P.

[5]. Plaintiff Cotner shall include in every complaint or petition hereafter filed a list, by style, docket number, court, date filed, description and disposition, of every action filed by him in this and every other court of law or equity.

[6]. Plaintiff Cotner shall personally send a copy of the complaint and every subsequent pleading to the defendants or defense counsel, and plaintiff shall submit documentary evidence of such service to the court in a supplementary pleading.

[7]. Hereafter, in every action filed in this court, plaintiff Cotner shall make specific reference to this order, and shall detail to the court how he has complied with each and every requirement imposed upon him by this order.

*Id.* at 1099. On appeal, the Tenth Circuit vacated the $1,000.00 fine, but left the remaining sanctions intact. *Cotner v. Hopkins*, 795 F.2d at 903.

Petitioner is a serial litigator in this and other courts who repeatedly has been found to have filed frivolous, vexatious, and malicious lawsuits. This case appears to be an attempt to raise the same claims concerning security points and other issues that previously have been presented. *See Cotner v. Beck*, No. CIV-05-007-JHP-KEW (E.D. Okla.). Although petitioner asserts he no longer has all the legal paperwork he needs to comply with the sanctions [Docket #7], the court finds he has made absolutely no effort to comply with any of the filing restrictions imposed by this court.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to comply with filing restrictions [Docket #6] is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE in all respects. All other pending motions are denied as moot.

IT IS SO ORDERED this $\underline{11^{th}}$ day of February 2008.

                                       *Ronald A. White*
                                       **RONALD A. WHITE**
                                       **UNITED STATES DISTRICT JUDGE**